IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUNK JACKSON JOHNSON, § | |
| (TDCJ-CID #1883201), § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-14-1166 |
| § | |
| WARDEN JENKINS, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

Bunk Jackson Johnson is an inmate of the South Texas Intermediate Sanction Facility, which is a division of the Texas Department of Criminal Justice - Correctional Institutions Division. Johnson sued the Facility's warden, medical director, and grievance risk manager, in April 2014, alleging civil rights violations resulting from a denial of adequate medical care. The threshold issue is whether Johnson's claims are duplicative. The court concludes that Johnson's claims are duplicative of pending litigation and dismisses them on that basis.

Johnson alleges that on March 9, 2014, he was assaulted by a fellow inmate, and that he was denied proper medical care for an eye injury. In this suit, he seeks a physical and mental examination by a licensed medical professional.

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Johnson initially filed a handwritten complaint on April 1, 2014, Civil Action No. 4:14-0947. On April 16, 2014, the court ordered him to complete the standardized civil rights complaint form. On April 29, 2014, Johnson submitted the completed civil rights complaint forms. Though Johnson included the civil action number in the caption, the case was inadvertently assigned a new civil action number, Civil Action Number 4:14-1166.

The action is dismissed without prejudice because it is duplicative of claims currently pending in this court. *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993).

Johnson's complaint is dismissed as improvidently filed because the claims are duplicative of those pending in Civil Action Number 4:14-0947. 28 U.S.C. § 1915A(b)(1).

SIGNED on April 30, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge